UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YESENIA FRANCISCO,

                              Plaintiff,    **NOTICE OF REMOVAL**

                                                 Case No. 08 Civ. _____

                -against-

THE BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK,

                                   Defendant.
------------------------------------------------------------X

TO:    **THE UNITED STATES DISTRICT COURT,
         SOUTHERN DISTRICT OF NEW YORK**

        Defendant, by and through its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, respectfully shows this Court as follows:

        1.     On or about April 2, 2008, the New York City Law Department, received by hand a Summons and Verified Complaint, in the above-entitled action, pending in the Supreme Court of the State of New York, County of New York, Index No.102741/08, naming the Board of Education of the City School District of the City of New York, as the defendant, and setting forth the claims for relief upon which the action is based. A copy of plaintiff's Summons and Verified Complaint, verified February 18, 2008, is annexed hereto as Exhibit "A."

        2.     The above-captioned action is a civil action of which the District Court has original jurisdiction pursuant to pursuant to 28 U.S.C. § 1331, in that it alleges a claim which arises under the laws of the United States, and a violation of the Family Medical Leave Act (FMLA) 29 U.S.C. §§ 2601, et seq. by defendant. This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441(b) and 1443.

3.  Plaintiff brings this lawsuit claiming, inter alia, that defendant deprived plaintiff of her rights, as secured by the FMLA, in violation of 29 U.S.C. § 2615. See Exhibit "A" ¶¶ 4, 15-17.

4.  This Notice of Removal is timely because it is being filed within thirty days (30) days of receipt of the initial pleading. See 28 U.S.C. § 1446(b).

5.  Defendant will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.

**WHEREFORE**, defendant respectfully requests that the above-captioned action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:  New York, New York
        April 18, 2008

>                              MICHAEL A. CARDOZO
>                              Corporation Counsel of the
>                                City of New York
>                              Attorney for Defendant
>                              100 Church Street
>                              New York, New York  10007
>                              (212) 788-0866
>
>                              By: _____
>                                  Jason Friedman
>                                  Assistant Corporation Counsel
>                                  jfriedma@law.nyc.gov

TO:  Stuart Lee Karlin, Esq.
     Attorney for Plaintiff
     9 Murray Street, Suite 4W
     New York, New York 10007
     (212) 732-9450

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X   Index No. 102741/08

YESENIA M. FRANCISCO                                            Date Purchased: 2-20-08

                Plaintiff,                    Plaintiff designates New
                                                                York County as the place of
                                                                trial
   -against-

                                                                **SUMMONS**
THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF
NEW YORK

                Defendant.                    The basis of venue is:
                                                                Defendant's principal place
                                                                of business.

------------------------------------------------------------X   Plaintiff resides at 2 Gem
                                                                Court, Hicksville, New York

**To the above named Defendant:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiff's attorney within twenty days after service of this summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 20 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       February 18, 2008

                                        STEWART LEE KARLIN, ESQ.
                                        Attorney for Plaintiff
                                        9 Murray Street, Suite 4W
                                        New York, N.Y. 10007
                                        (212) 732-9450

**DEFENDANTS' ADDRESS:**
The Board of Education of the City School District of the City of New York
c/o Corporation Counsel
100 Church Street
New York, N.Y. 10007

NEW YORK COUNTY CLERK'S OFFICE

FEB 20 2008

NOT COMPARED WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

YESENIA FRANCISCO,

        Plaintiff,

    -against-

THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF
NEW YORK ,

        Defendant.

------------------------------------------------------------X

**INDEX NO.**

**VERIFIED COMPLAINT**

Plaintiff, YESENIA FRANCISCO, by her attorney, STEWART LEE KARLIN, ESQ., for her complaint herein alleges as follows:

1. At all times hereinafter mentioned, plaintiff YESENIA FRANCISCO (hereinafter "plaintiff") was and still is a resident of the State of New York. The plaintiff is an eligible employee within the meaning of the Family Medical Leave Act in that she was employed by defendant for at least twelve months by the defendant with whom leave is requested under Section 2612 of this title and had worked for at least 1,250 hours of service as a teacher.

2. At all times hereinafter mentioned, upon information and belief, defendant THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, (hereinafter "defendant") was and still is a governmental agency organized and existing under the laws of the State

1

of New York with its principal place of business located in the County of New York. The defendant is an employer within the meaning of the FMLA 29 U.S.C. § 2611 (A) in that the defendant engages in an industry affecting commerce who employs fifty or more employees for each working day during each of the twenty or more calendar work weeks in the current or preceding year.

3. Concurrent jurisdiction over the defendant is predicated upon 29 U.S.C. § 2617 (2).

4. Plaintiff brings this action to recover from the defendant for lost wages, liquidated damages and employment benefits by reason of violating the Family Medical Leave Act (FMLA) 29 U.S.C. § 2615 (a) (1).

5. Plaintiff was employed as a teacher from 2003 to 2006 at P.S. 65.

6. At all times relevant, plaintiff performed her job responsibilities in an exemplary fashion.

7. Plaintiff had a baby in July 2005. On November 6, 2005, one month prior her leave, plaintiff met with Ms. Garcia and provided her a letter requesting Family Medical Leave, explaining her need for leave was to care for her daughter due to family circumstances. She advised Ms. Garcia that she would be out from December 5, 2005 to January 27, 2006. Ms. Garcia approved the time.

8. Plaintiff was specifically advised by the Principal's office not to seek FMLA and was advised that she could also use her vacation and sick time instead of using FMLA.

9. Plaintiff prepared all the paperwork and handed it to the Principal's secretary including an OP 198 sick leave/vacation forms.

10. Thereafter, Plaintiff visited the school on December 15, 2005 and on other occasions and nothing was mentioned to her about being out or that the DOE had lost the paper work.

11. Thereafter, plaintiff was advised that DOE had lost the paperwork and thus plaintiff resubmitted the paperwork in January 2006.

12. Thereafter, plaintiff returned to work on February 6, 2006.

13. Plaintiff worked the entire month; however, on March 4, 2006 she received a letter advising her that she had taken in excess of twenty days. Plaintiff was also advised that it was "routine procedure" when one exceeds twenty days in absences to receive such a letter. Plaintiff was also advised that she would receive "U" rating in attendance but it would not impact her teaching evaluation.

14. Plaintiff completed the year and began the teaching in the new school year (2006-2007) and was terminated in September 2006.

15. Plaintiff should have been advised of her right to take FMLA without penalty and provided the proper forms.

16. Plaintiff was terminated in retaliation for initially requesting Family Medical Leave and was set up for termination when she was not provided the proper forms as the Employer is required to do under the FMLA.

17. Based upon the foregoing, defendant violated the Family Medical Leave Act by interfering with denying the exercise of and the attempted exercise

3

of her rights under the FMLA 29 U.S.C.§ 2615 (a) (1).

18. As a result of the foregoing conduct by defendant, plaintiff lost wages and employment benefits in excess of this Court's jurisdictional minimum.

19. It has been necessary for plaintiff to engage the services of an attorney to file and prosecute this action, and thus also request attorneys' fees.

WHEREFORE, Plaintiff respectfully requests a judgment against

Defendant as follows:

a. Judgment for all past and future salary and benefits owed as a result of the unlawful termination;

b. Judgment for pain and suffering;

c. Liquidated Damages;

d. Plaintiff's file expunged and restoration of license;

e. A reasonable attorneys' fees plus the costs and disbursements of this lawsuit, and such other, further and additional relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
       February 18, 2008

Yours, etc.,

STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
9 Murray Street, Suite 4W
New York, N.Y. 10007
(212) 732-9450

## VERIFICATION

STATE OF NEW YORK   )

COUNTY OF NEW YORK)   ss.:

I, the undersigned, an attorney admitted to practice in law in the Courts of New York State, state that I am the attorney of record for the Plaintiff in the within action; I have read the foregoing, Complaint, and know the contents thereof; the same is true to my own knowledge except as to those matters therein alleged to be on information and belief, as to those matters I believe to be true.

The reason this verification is made by your affirmant and not by the Plaintiff herein is that said Plaintiff resides in a county other than the county where your affirmant maintains his law office.

The grounds of your affirmant's belief as to all matter not stated upon my own knowledge are as follows:

Conversations with the Plaintiff and information contained in the file.

Dated: New York, New York
       February 18, 2008

STEWART LEE KARLIN, ESQ.

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated: New York, New York
       February 18, 2008

_____
STEWART LEE KARLIN